UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MEHDI AHMADIAN,

        Plaintiff,

      v.                                                Case No. 19-C-1519

CR MEYER AND SONS INC.,

        Defendant.

## DECISION AND ORDER

Plaintiff Mehdi Ahmadian commenced this action against Defendant CR Meyer and Sons Inc. after he was terminated from his employment. He alleges that he was subjected to discriminatory treatment by a person in a supervisory capacity at Defendant based on his nationality in violation of Title VII of the Civil Rights Act of 1964 and the Equal Pay Act. Presently before the court is Defendant's motion to dismiss. Plaintiff has not responded to the motion, and the time to do so has passed. This alone constitutes sufficient cause for the court to grant the motion. Civil L. R. 7(d). For the following additional reasons, Defendant's motion will be granted.

## LEGAL STANDARD

A Rule 12(b)(6) motion tests the sufficiency of the complaint to state a claim upon which relief can be granted. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *see* Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the light most favorable to the non-moving party. *Gutierrez v. Peters*, 111 F.3d 1364, 1368–69 (7th Cir.

1997); *Mosley v. Klincari*, 947 F.2d 1338, 1339 (7th Cir. 1991). Rule 8 mandates that a complaint need only include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The plaintiff's short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While a plaintiff is not required to plead detailed factual allegations, he must plead "more than labels and conclusions." *Id.* A simple, formulaic recitation of the elements of a cause of action will not do. *Id.* A claim is plausible on its face when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

## ALLEGATIONS CONTAINED IN THE COMPLAINT

Plaintiff came to this country in 2001 as a refugee from Iran. He began working for Defendant at its Oshkosh, Wisconsin facilities in 2001 as a general laborer. During his employment, Plaintiff was the only employee who was not born in the United States. Plaintiff alleges that almost immediately after beginning his employment with Defendant, his coworkers and supervisors made fun of his name, and he was called "meat." Compl. ¶ 4, Dkt. No. 1. One coworker remarked, "I don't speak monkey," referring to Plaintiff's accent. *Id.* Plaintiff claims that the harassment of this nature continued during the entire tenure of his employment. Plaintiff filed numerous grievances concerning the hostile treatment based on his nationality, but Defendant took no action to remedy the situation.

Despite taking additional training on Auto Cad, Plaintiff was never promoted. Instead, he was assigned to perform all the painting for the company, at which he excelled. Plaintiff alleges that, in March 2017, Plaintiff's supervisor assigned him a list of menial activities in the hope that Plaintiff would fail and could be terminated because of his performance. Plaintiff completed the

2

list of tasks in a timely manner, and his supervisor subsequently assigned him to the position of sandblaster, a job he had never done before. Plaintiff alleges this job was typically assigned to two people for safety reasons.

Plaintiff claims he was discriminated in promotion and pay and that many other employees of other races were given promotions and increases in pay. The only increase in pay that Plaintiff received was the annual increases that all employees received. On June 21, 2017, Defendant conducted a lay-off in which only Plaintiff was laid off. Plaintiff alleges the lay-off occurred during the busiest time of the year for the company. Plaintiff incurred severe financial difficulty and suffered serious emotional trauma as a result of the termination.

**ANALYSIS**

**A. Equal Pay Act Claim**

The Equal Pay Act prohibits an employer from discriminating against "employees on the basis of sex . . . for equal work on jobs the performance of which require equal skill, effort, and responsibility, and which are performed under similar working conditions." 29 U.S.C. § 206(d)(1). In this case, Plaintiff alleges that he was subject to discriminatory treatment based on his nationality, not his sex. Because Plaintiff has not alleged that the differences in wages are based upon sex, he has not stated a claim under the Equal Pay Act. This claim will therefore be dismissed.

**B. Title VII Claim**

**1. Failure to exhaust**

Defendant asserts Plaintiff's Title VII claim must be dismissed because he failed to plead a condition precedent. Under Rule 9 of the Federal Rules of Civil Procedure, a plaintiff is required to plead that "all conditions precedent have been performed or have occurred." Fed. R. Civ. P.

3

9(c). Before filing a Title VII claim, a party must meet a number of prerequisites. *See* 42 U.S.C. § 2000e-5. "A Plaintiff must file a charge with the EEOC detailing the alleged discriminatory conduct within the time allowed by statute, and the EEOC must issue a right-to-sue letter." *Conner v. Ill. Dep't of Nat'l Res.*, 413 F.3d 675, 680 (7th Cir. 2005). These are not jurisdictional prerequisites, but they are "conditions precedent" with which the plaintiff must comply. Plaintiff's complaint does not assert that he filed a timely EEOC action or that he received a right to sue letter. Plaintiff has failed to plead a condition precedent, and therefore his Title VII claim is subject to dismissal. *Price v. Wisconsin Services Corp.*, 55 F. Supp. 2d 952, 954 (E.D. Wis. 1999) (citing *Perkins v. Silverstein*, 939 F.2d 463, 471 (7th Cir. 1991)).

**2. Failure to state a claim**

The complaint asserts four separate counts: (1) discrimination in pay and promotion; (2) disparate treatment/hostile workplace; (3) retaliation for protected activity; and (4) disparate treatment in terminating Plaintiff. Only the termination claim, Count 4, provides the date on which the alleged violation occurred. The complaint alleges that between 2001, when he began his employment with the defendant, and June 21, 2017, when he was "laid off," that some co-employees made fun of his name and gave him the nickname "meat," perhaps a shortened form of Mehdi, and that one co-worker remarked "I don't speak monkey," referring to his accent. He alleges that he was never promoted but assigned to painting "at which he excelled." Sometime in March 2017, he was given a list of menial tasks, which he completed satisfactorily, even though he alleges it was hoped he would fail, and also given a dangerous assignment as a sandblaster, even though he had a back injury.

Other than the termination in Count 4, these allegations fail to provide Defendant notice of the violations alleged required by Rule 8 of the Federal Rules of Civil Procedure. In other

words, the complaint fails to state plausible claims for discrimination in pay or promotion, hostile workplace, or retaliation. The allegation of discrimination in pay and promotion is conclusory and unsupported by any plausible allegations of fact. The facts alleged to have occurred between 2002 and 2017 fall far short of showing a hostile workplace, and there is no allegation of protected conduct Plaintiff engaged in against which Defendant retaliated. Moreover, the failure to allege when the events occurred and which employees engaged in the wrongful behavior deprives Defendant of essential elements of notice of the claim against it. The dates of the alleged violations are significant. Plaintiff filed his claim with the Wisconsin Equal Rights Division on March 14, 2018, which means the 300-day statute of limitations bars claims that arose before May 18, 2017. For these reasons, as well, the complaint will be dismissed.

## CONCLUSION

For all of the above reasons, Defendant's motion to dismiss the complaint (Dkt. No. 2) is **GRANTED.** The dismissal is without prejudice and Plaintiff is hereby granted leave to amend within twenty-one (21) days of this order. Failure to file an amended complaint within the time allowed will result in dismissal of the action.

**SO ORDERED** at Green Bay, Wisconsin this 13th day of January, 2020.

s/ William C. Griesbach<br>
William C. Griesbach, District Judge<br>
United States District Court